```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JEREMIAH JACHOWDIK,
```
                              Plaintiff,                          For Online Publication Only

      -against-                                **ORDER**
                                                                  17-CV-6192 (JMA) (AKT)

SUFFOLK COUNTY JAIL, et al.,

                              Defendants.
----------------------------------------------------------X

**AZRACK, United States District Judge:**

        Pro se plaintiff Jeremiah Jachowdik ("Plaintiff") commenced this action, originally before Judge Joseph F. Bianco, on October 10, 2017, filing a complaint and motion to proceed in forma pauperis. (ECF Nos. 1, 2.) After some initial difficulty contacting Plaintiff (who had apparently become incarcerated at the Suffolk County Correctional Facility after filing his complaint), Magistrate Judge A. Kathleen Tomlinson held a telephone conference with all parties on March 28, 2019 to discuss the discovery process and schedule a subsequent telephone status conference for July 10, 2019. (ECF No. 51.) During the call, Plaintiff represented that he expected to be released sometime around May 10, 2019. (Id.) Accordingly, Judge Tomlinson directed Plaintiff that, if released, he must provide the Court with an updated address. (Id.) She also indicated that if Plaintiff was released, the July 10, 2019 status conference would be held in-person at the Alfonse D'Amato Courthouse. (Id.) Over the next month, defense counsel confirmed that Plaintiff received a copy of the March 28, 2019 Minute Order and indicated that they had communicated with Plaintiff regarding discovery. (ECF No. 56.)

        On May 31, 2019, this case was reassigned to the undersigned. (Electronic Order, May 31, 2019.) When the Court attempted to send Plaintiff a copy of the Electronic Order to Plaintiff's address at the Suffolk County Correctional Facility, the mail was returned as "discharged return to

sender." (ECF No. 59.) Plaintiff then failed to appear for the July 10, 2019 status conference before Judge Tomlinson. (ECF No. 62.) Accordingly, Judge Tomlinson scheduled an Order to Show Cause hearing for August 2, 2019, directing Plaintiff to appear in-person "and show cause why this case should not be dismissed for plaintiff's failure to prosecute his claims and to comply with the orders issued by this court," and warned Plaintiff that if he failed to appear, Judge Tomlinson would have no alternative but to recommend to the undersigned that the case be dismissed (Id.) The Court sent copies of the Minute Order to all three previous non-Correctional Facility addresses Plaintiff provided to the Court. (Id.) Only one address was returned to the Court as undeliverable. (ECF No. 64.)

Plaintiff failed to appear for the Order to Show Cause hearing on August 2, 2019. (ECF No. 65.) Defense counsel confirmed that Plaintiff had been released from jail and Judge Tomlinson noted that Plaintiff had not updated the Court to any new address or his whereabouts despite being expressly ordered to at the March telephone conference. (Id.) Accordingly, the Court sent a copy of the August 2, 2019 Minute Order to the same three addresses, as well as a fourth address that Plaintiff left with the Suffolk County Correctional Facility when he was released. (Id.; Electronic Order, Aug. 7, 2019.) The mail sent to two of the four addresses (including the one left with Suffolk County Correctional Facility) were returned to the Court as undeliverable. (ECF Nos. 66, 67.) To date, Plaintiff has not updated his address or otherwise communicated with the Court since the last communication received on April 22, 2019. (ECF No. 54.)

Rule 41(b) provides, in pertinent part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The district court also has the inherent power

to dismiss a case sua sponte for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. Shannon v. G.E. Co., 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. Id.

Moreover, "[t]he duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. Recard, 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996)); see also English v. Azcazubi, 13-CV-5074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address."). If a pro se litigant fails to keep the Court apprised of his or her current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." Mercedes v. New York D.O.C., 12-CV-2293, 2013 WL 6153208, at *2 (S.D.N.Y. Nov. 21, 2013).

Plaintiff has not complied with the Court's orders or communicated with the Court since April 2019. Furthermore, he has failed to keep his address current, preventing the Court and defense counsel from communicating with him. The Court warned Plaintiff that failure to comply with Court orders would result in the dismissal of the case. Accordingly, Plaintiff's claims are dismissed, without prejudice, for failure to prosecute and noncompliance.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith, and therefore, in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff at the four addresses known to the Court:

    75 Koren Lane, Middle Island, NY 11953;

    43 Rocky Point Road, Middle Island, NY 11953;

    22 Granny Road, Farmingville, NY 11738; and

    80 Birchwood Drive, Port Jefferson Station, NY 11776

The Clerk of the Court is then directed to enter judgment, and to mark this case closed.

**SO ORDERED.**

Date:   September 30, 2019                         /s/ (JMA)
         Central Islip, New York            JOAN M. AZRACK
                                                             UNITED STATES DISTRICT JUDGE